**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-4328**

---

UNITED STATES OF AMERICA,

        Plaintiff − Appellee,

    v.

TIMOTHY A. YEIGH, a/k/a Timothy Yeigh,

        Defendant – Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:16-=cr-=00025-=JPB=-MJA-=1)

---

Submitted: January 23, 2018                Decided: February 22, 2018

---

Before MOTZ and DIAZ, Circuit Judges, and Robert J. CONRAD, Jr., United States District Judge for the Western District of North Carolina, sitting by designation.

---

Vacated and remanded by unpublished per curiam opinion.

---

Brian J. Kornbrath, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant. Sarah E. Wagner, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Yeigh challenges the procedural and substantive reasonableness of the 96-month sentence he received for failing to update his sex offender registration. As we explain, we reject two of Yeigh's arguments regarding procedural error. The government, however, concedes that the district court erred by not addressing Yeigh's nonfrivolous argument that the nature and circumstances of his offense merited a more lenient sentence. We agree, and we therefore vacate Yeigh's sentence and remand for resentencing.

I.

Yeigh is a lifetime sex offender registrant. The Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 *et seq.*, requires sex offenders to promptly update their registration after any change in residence. Failure to do so is a federal crime. *See* 18 U.S.C. § 2250(a).

Yeigh registered as a sex offender when he moved to West Virginia in September 2016. Later that month, Yeigh left the state and drove to Florida with his grandfather to see his grandmother, who was in hospice care. After several weeks, authorities discovered that Yeigh never updated his registration to reflect that he was now in Florida. Yeigh was subsequently arrested and later pleaded guilty to one count of failing to update a sex offender registration.

Following Yeigh's plea, a probation officer prepared a presentence report ("PSR"), which recommended a guideline imprisonment range of 30 to 37 months. At an

2

initial sentencing hearing, the district court announced a sentence of 96 months, notwithstanding requests from both Yeigh and the government that he be sentenced at the lower end of the guideline range. But before the court placed its reasoning on the record, Yeigh requested and was granted a continuance for time to file a sentencing memorandum in the hope of convincing the court to reconsider its upward variance.

In his memorandum, Yeigh argued that the nature and circumstances of the offense—that he was driving his grandfather to Florida to see his ailing grandmother and intended to return promptly to West Virginia—counseled in favor of a within-guidelines sentence. Nevertheless, when the sentencing hearing resumed, the district court again ordered that Yeigh serve a 96-month term. The court explained that it was varying upward and had "considered all the factors set forth in 18 U.S. Code Section 3553" in doing so. J.A. 32. However, it pointed only to Yeigh's extensive criminal history in support of its decision and notably failed to mention why it didn't find Yeigh's argument for a lower sentence persuasive.

Yeigh filed a timely notice of appeal. He challenges the procedural reasonableness of his sentence based on the court's reliance on disputed facts in the PSR, the court's decision to impose a variance without considering a departure or using an incremental methodology, and the court's failure to address his nonfrivolous argument for a within-guidelines sentence. He also argues that his sentence is substantively unreasonable.

3

II.

We review all sentences for "reasonableness," under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). "Reasonableness review has procedural and substantive components." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. *United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010). However, if we identify a procedural error, we cannot review the sentence for substantive reasonableness and must remand. *United States v. Carter*, 564 F.3d 325, 330 n.4 (4th Cir. 2009).

A.

We first address (and reject) Yeigh's claim that the district court erroneously relied upon disputed factual allegations about his past convictions in the PSR.

A sentencing court may rely on "any information concerning the background, character and conduct of the defendant" in determining a sentence. U.S.S.G. § 1B1.4; *see also* 18 U.S.C. § 3661. Although due process forbids reliance on materially false or unreliable information in imposing a sentence, *see Townsend v. Burke*, 334 U.S. 736, 740–41 (1948), "[w]ithout an affirmative showing the information is inaccurate, the court is free to adopt the findings of the presentence report without more specific inquiry or explanation." *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (internal quotation marks omitted). "The burden is on the defendant to show the inaccuracy or unreliability of the presentence report." *Id.*

4

Yeigh argues the district court was wrong to rely on the underlying narratives in the PSR about his past convictions because he had admitted only the elements of those crimes in previous guilty pleas. But Yeigh has not made any showing that those facts are materially false, and unless the district court's findings of fact are clearly erroneous, we must accept them. *Id.* at 160.

Yeigh also contends that the district court failed to respond to his objections about the facts in the PSR, violating Rule 32's mandate that the court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). However, "a sentencing court need not articulate a finding as to disputed factual allegations with minute specificity," and "[s]imply adopting the PSR's findings *in toto* is sufficient when the context of the ruling makes clear that the district court intended by the adoption to rule on each of the alleged factual inaccuracies." *United States v. Walker*, 29 F.3d 908, 911 (4th Cir. 1994) (internal quotation marks omitted).

Here, the court's detailed recitation of the disputed allegations relating to Yeigh's criminal history in support of its decision to vary upward makes clear that it intended by the adoption of those facts to rule on the alleged factual inaccuracies. And by simply objecting to the PSR's findings, Yeigh failed to carry his burden to show the inaccuracy or unreliability of those facts. *See Terry*, 916 F.2d at 162. We accordingly see nothing wrong with the district court's reliance on the information contained in the PSR.

5

B.

Yeigh also argues that the district court erred by failing to use an incremental approach in arriving at its upward variance. But in a post-*Booker* world, "a sentencing court is under no obligation to incant the specific language used in the guidelines, or go through a ritualistic exercise in which it mechanically discusses each criminal history category or offense level it rejects en route to the category or offense level that it selects." *United States v. Rivera-Santana*, 668 F.3d 95, 104 (4th Cir. 2012) (internal quotation marks omitted). Simply put, a sentencing court need not engage in an incremental departure analysis when varying from a guidelines recommendation. *See United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2011). Contrary to Yeigh's assertion, the district court here was free to impose a variance without first considering a departure or the incremental methodology required for departures.

C.

Finally, Yeigh contends that the district court failed to acknowledge, engage with, or state whether or why it rejected his argument that the purportedly benign circumstances surrounding his failure to register warranted a more lenient sentence. The government concedes (and we agree) that this was error.

Our cases are clear that a sentencing court must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must provide a sufficiently detailed explanation for doing so. *See United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017); *Lynn*, 592 F.3d at 584. Specifically, the district court must place its reasons for arriving at a sentence on the record, setting forth "enough to

6

satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Where, as here, "there is no indication that the district court considered the defendant's nonfrivolous arguments prior to sentencing him, we must find error." *Lynn*, 592 F.3d at 585.

We have repeatedly noted that an error of this nature deprives us of a record that would enable a meaningful review of the sentence for substantive reasonableness and thus requires us to remand to the district court. *See Blue*, 877 F.3d at 522; *Lynn*, 592 F.3d at 585; *Carter*, 564 F.3d at 330 n.4. That is the case here. Accordingly, we vacate Yeigh's sentence and remand for resentencing.

*VACATED AND REMANDED*